UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                :

VLADLENA FUNK and EMANUEL ZELTSER,       :   **ORDER**

                                                :   14 Civ. 0376 (BMC)

                          Plaintiffs,         :

                  - against –                    :

BELNEFTEKHIM a/k/a CONCERN
BELNEFTEKHIM, and BELNEFTEKHIM
USA, INC., and JOHN DOES 1 – 50,        :

                        Defendants.   :
------------------------------------------------------------ X

      Presently before the Court are defendants' motion to dismiss the amended complaint, and plaintiffs' motion to remand the case to state court. Because there are factual questions with respect to two threshold jurisdictional issues – whether defendant Belneftekhim qualifies as "an agency or instrumentality of a foreign state" within the meaning of 28 U.S.C. § 1603(b), and whether plaintiffs properly served process on the defendants – dismissal or remand is inappropriate at this stage.[1]

      As a general rule, a court must determine jurisdiction before proceeding to the merits. See Steel Co v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") Where, as here, jurisdictional facts are disputed, "[a] district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) (internal citations omitted); see also Fein v. Chrysler Corp., No. 98 Civ. 4113, 1998 WL 34032284, at *10 (E.D.N.Y. Sept. 29, 1998) (explaining that in connection

---

[1] For the same reason, it is inappropriate for me to rule on plaintiffs' request for a default judgment at this time.

with a motion to remand, there is "a preference, even a requirement, for jurisdictional discovery, if necessary"). This includes "the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." Potter, 343 F.3d at 627 (citing LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999)).

The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in federal court." Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443, 109 S.Ct. 683, 693 (1989). In a motion to dismiss for either lack of subject matter jurisdiction or personal jurisdiction under the FSIA, "the defendant must present a '*prima facie* case that it is a foreign sovereign.'" Virtual Countries, Inc. v. Republic of S. Afr., 300 F.3d 230, 241 (2d Cir. 2002) (quoting Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1016 (2d Cir. 1993)). Then, the plaintiff must offer evidence demonstrating that, under exceptions to the FSIA, immunity is inappropriate. Where the plaintiff satisfies this burden, "the foreign sovereign then bears the ultimate burden of persuasion that the FSIA exception does not apply." Swarna v. Al-Awadi, 622 F.3d 123, 143 (2d Cir. 2010).

Defendants argue that Belneftekhim is an "agency or instrumentality" of Belarus within the meaning of the FSIA.[2] See 28 U.S.C. § 1603(b). As an initial matter, I reject defendants' argument that paragraph 12 of the initial complaint is sufficient to support a finding that Belneftekhim is a foreign sovereign. Nothing in paragraph 12 concedes that Belarus owns a majority of the stock in Belneftekhim, which is what defendants must show to prevail on this point. Similarly, the allegation in the amended complaint that defendants converted and/or misappropriated plaintiffs' clients' ownership interest in Belneftekhim in March 2008 is not affirmative proof that Belarus owned more than 50% of the shares of Belneftekhim at that time,

---

[2] Defendants also maintain that Belneftekhim is an organ of Belarus, but acknowledge that they have offered no proof of such a status, and therefore wish to investigate this issue further.

or at the time of the July 12, 2012 filing of the complaint. Likewise, at the pre-motion conference, I identified paragraph 12 as an admission, but cautioned that if plaintiffs contested the point, which they did, the issue would remain in play.

At the pre-motion conference, counsel for both parties represented that they would submit affidavits regarding Belneftekhim's status as an agency or instrumentality of Belarus. Outside of plaintiffs' Declaration of Viktor Lushin – which merely provides that executives of Belneftekhim said that the company was privately owned in 2006, not at the time the case was commenced – neither party has done so. Hence, the relationship between Belneftekhim and Belarus, a fact which permeates both sets of motions, and is relevant to Belneftekhim's FSIA status, is disputed.

Plaintiffs contend that defendants were served properly, and in a variety of ways. They submit two affidavits of service in support. The affiant mailed copies of the summons and complaint to defendants at addresses in the United States and at Belneftekhim's headquarters in Belarus. The first affidavit declares that both defendants were served with the summons and complaint in the United States at a Massachusetts address alleged to be one of Belneftekhim USA's corporate addresses. The affiant personally served "Maxim Mardashou, president of defendant Belneftekhim USA by leaving a true copy [of the summons and complaint] with person of reasonable age and discretion who identified herself as Tatsiana Moysievich." Ms. Moysievich represented that she was authorized to accept service on behalf of defendants. The second affidavit declares that both defendants were personally served at Belneftekhim's corporate headquarters at 73 Bzerzhinsky Avenue, Minsk, Belarus, by leaving copies of the summons and complaint with "an employee of the Defendants, who identified herself as Natalia Ivanova." Ms. Ivanova stated that she was authorized to accept service on behalf of defendants.

3

The affiant also mailed copies of the summons and complaint, accompanied by Russian translation, to defendants' corporate addresses in Belarus and Russia.

Defendants deny that Ms. Moysievich is an officer, agent, or employee of Belneftekhim. They submit a declaration from Maksim Mardashou, Belneftekhim's Head of the Foreign Relations Department, and the former manager of Belneftekhim USA, who denies knowledge of anyone named Tatsiana Moysievich. He further declares that in July 2007 he became the sole employee of Belneftekhim USA, and that Belneftekhim USA had no employees since November 13, 2007. Therefore, defendants argue that Ms. Moysievich was not authorized to accept service under either New York or Massachusetts law. Finally, defendants allege, upon information and belief, that Ms. Ivanova is not an employee of Belneftekhim.

The Court's April 4, 2014 order allowed defendants to identify factual issues that required further investigation and which might reasonably be expected to change the outcome of the motion. The sufficiency of service in this case turns on two such issues: the relationship to defendants, if any, of Ms. Moysievich and Ms. Ivanova. Therefore, I reserve judgment on the parties' motions until the factual issues regarding service have been resolved.

The parties are directed to submit a discovery plan by January 19, 2015, that allows them to obtain the information necessary to supplement their motions or proceed to a hearing.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       December 30, 2014