

**STERNIK & ZELTSER**
**COUNSELORS AT LAW**
Author: Emanuel Zeltser [0452]

1562 First Avenue # 205-1817
New York, NY 10028-4004
tel/fax: +1.212.656.1810
email: lawmail@mail.ru

Hon. Brian M. Cogan, USDJ
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
**VIA ECF**

January 30, 2015

RE:   *Funk v. Belneftekhim, et al.*
         14 CIV 00376 (BMC)
-----------------------------------------

Pursuant to the Order of this Honorable Court entered on December 31, 2014. (D.E. 22), plaintiffs Vladlena Funk and Emanuel Zeltser respectfully submit the discovery plan, "that allows them to obtain the information necessary to supplement their motion, or proceed to a hearing" — as directed by the 12/31/14 Order.

Plaintiffs are eager to appear at a hearing before this Court and present evidence in the open court showing that [a] the majority ownership of defendants Concern Belneftekhim and Belneftekhim USA, Inc. does not vest in the government of Belarus; and [b] both defendants were properly served with summons and complaint in this action. Accordingly, plaintiffs respectfully request that such hearing be had at such earliest time as the Court deems convenient and appropriate.

As the Court correctly noted, plaintiffs need limited discovery to supplement their evidence on motion for default judgment and to oppose the defendants' motion to dismiss. The two most critical items of the plaintiffs' discovery requests are: [i] defendants' ownership documents, including but not limited to their stock registers, and [ii] the examination of Mr. Vladimir Volkov, Concern Belnefteknhim's Deputy Chairman at all relevant times.

During the February 3, 2014 hearing, the Court instructed defendants' counsel, that in order for defendants to show that the Concern is owned by the government of Belarus, they would have to "at least" produce the ownership records, such as a stock register, not merely an affidavit from a corporate counsel, as Mr. Caruso suggested. (Tr. 02/03/14, at pp. 9-10). To this day defendants have not provided the stock register for either of the defendants. Defendants' ownership documents, including most particularly, their stock registers remain critical to [a] defendants allegations that majority ownership in the defendants does not vest in the sovereign; and [b] plaintiffs' showing that it does not.

Equally critical is the examination of Mr. Volkov, who admitted to accepting the service of summons and complaint and stated to reporters that Belneftekhim does not belong to the government of Belarus.

Plaintiffs, in good faith discussed the proposed discovery plan with the defendants' counsel in an effort to submit a joint discovery plan. Regretfully, it appears that defendants have no interest in any discovery and indeed wish to avoid disclosure.

Accordingly, the plaintiffs submit their own jurisdictional discovery plan.

Respectfully submitted,

*Emanuel Zeltser*

cc:  Kenneth A. Caruso, Esq.

**PLAINTIFFS' DISCOVERY PLAN**

| | |
|---|---|
| February 9, 2015 -- | Deadline for serving initial notices of depositions and document requests relating to jurisdictional discovery. |
| February 19, 2015 – | Deadline for serving responses and objections to initial discovery requests. |
| March 9, 2015 – | Deadline for deposing witnesses. |
| March 16, 2015 – | Plaintiffs' deadline for filing of supplemental evidence in further support of plaintiffs' motion for default judgment and in opposition to defendants' motion to dismiss. |
| March 16, 2015 – | Defendants' deadline for filing of supplemental evidence in further support of defendants' motion to dismiss and in opposition to plaintiffs' motion for default judgment. |
| March 26, 2015 – | Deadline for serving follow-up discovery requests addressed to the supplemental evidence proffered by the parties, if any. |
| April 6, 2015 – | Deadline for serving responses and objections to follow-up discovery requests, if any. |
| _____ | Hearing. |