EMANUEL ZELTSER
direct line: (202) 670-6420

1562 First Avenue # 205-1817, New York, NY 10028
tel/fax: +1.212.656.1810 ● email: lawmail@mail.ru


STERNIK
LAWYERS

Hon. Brian M. Cogan, USDJ  
225 Cadman Plaza East  
Brooklyn, NY 11201  
VIA ECF

January 6, 2016

RE: *Funk v. Belneftekhim, et al.*  
<u>14 CIV 00376 (BMC)</u>

Dear Judge Cogan:

Plaintiffs respectfully respond to the letter of Defendants' counsel dated January 5, 2016 [ECF 95].

The letter is yet another improper attempt to further delay resolution of this matter by interjecting yet another unsupported assertion that this Court lacks subject matter jurisdiction. As a preliminary matter, the letter is an impermissible sur-reply to Plaintiffs' cross-motion — poorly veiled as being written "pursuant to [an] obligation" to bring to the Court's attention an issue of jurisdiction. Respectfully, Defendants have incessantly been doing so for over two years and the Court is keenly aware that Defendants are seeking to divest this Court of jurisdiction in every conceivable way both here and before the Second Circuit.

The Court is also aware that the sole reason that the question of jurisdiction (or Defendants' principal place of business in the U.S.) still exists is their willful failure to comply with this Court's discovery Orders. Had Defendants not defied the Court's Orders and provided discovery, there would be no need for them to grasp at or twist Plaintiffs' statements made in support of their cross-motion seeking for the court to presume the existence of general jurisdiction as a sanction for Defendants' failure to produce discovery and to demonstrate the need for further discovery. Defendants themselves surely know where their principal place of business in the U.S. is located. Their non-compliance however, has made it impossible for Plaintiffs (and for the Court) to conclusively determine that. Defendants now are seeking to turn their non-compliance into support for their hypothesis that there "may" be no diversity jurisdiction.

Contrary to Defendants' claim, Plaintiffs have never "contended" that either Defendant's principal place of business at the time of filing of their complaint was in New York. Plaintiffs' second amended complaint ("SAC") alleges that "Belneftekhim USA, Inc. (BUSA), at all relevant times was a U.S. corporation formed under the laws of the Commonwealth of Massachusetts, having its offices at 13 Branch Street # 213, Methuen, MA 01844; 37 Sheridan Road, Andover MA, 01810, and 172 Haverhill Street, Andover, MA 01810." This allegation is based on documents filed by Defendants with the Massachusetts Department of State. Plaintiffs were deprived of the opportunity to investigate this matter further because Defendants failed to comply with discovery Orders of this Court. However, at no time have Plaintiffs alleged that Concern BNTK is incorporated or headquartered in New York, rather than Belarus, or that BelUSA is located or incorporated in New York, rather than Massachusetts. Plaintiffs' cross motion merely seeks for the court to presume the existence of general jurisdiction as a sanction for Defendants' failure to produce discovery — making it impossible to conclusively determine Defendants' true principal place of business in the U.S. Among the bases for the requested sanction, Plaintiffs quoted Defendants representations to Plaintiffs in late 2007 and early 2008 (over four years before the complaint was filed) that they were conducting business from the NY office of the Belarusian trade mission. Plaintiffs have made no allegation as to the location of BelUSA's principal place of business at the time the complaint was filed in 2012 or removed in 2013. Nor could they, in view of Defendants' refusal to comply with discovery.

Notably, even in advancing their "new" unsupportable argument, Defendants do not affirmatively deny (or confirm) that their principal place of business in 2012 was in New York. Instead, they are hedging: "if Plaintiffs were correct...".

Defendants' letter also ignores that Defendants (not Plaintiffs) raised and aggressively advanced the assertion that subject matter jurisdiction exists, based on diversity and federal question — in removing the matter to this Court and then successfully opposing Plaintiffs' motion to remand to State court. This Court accepted Defendants' arguments and denied Plaintiffs' motion to remand. Indeed, at the very first conference on February 3, 2014, the Court noted:

> So let me start with the proposed motion to remand. And, Mr. Zeltser, I'm not sure why you spent so much time talking about the one-year limitation for removal of actions, since it seems to me very clearly that there's federal question jurisdiction to remove the case where the one year doesn't apply. I mean, you sued a foreign state, so right away that triggers -- you know, that automatically is a federal question, and the one-year limitation is only applicable to the diversity ground for removal. (Tr. 02/03/14 [ECF 9], p. 2-3)

By Order dated October 20, 2015 [ECF 77], the Court denied Plaintiffs' motion to remand, holding:

> The Court finds that diversity jurisdiction is present and since removal was based on a non-frivolous claim of sovereign immunity, the time for removal can be extended. The particular facts at issue warrant an extension, so the motion to remand is denied. [ECF 77, p. 2];

and further,

> Similarly, removal is not improper simply because a complaint fails to allege a federal question. Removal merely requires a basis for a federal court's subject matter jurisdiction, which is not limited to federal question jurisdiction. See 28 U.S.C. § 1441. Therefore, plaintiffs' motion to remand is denied. [*Id.*, p. 12].

Notably, as the Court recognized, "even though removal cannot be sustained under § 1441(d), defendants also removed this case on the alternative ground of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." [*Id.*, p. 11].

Having succeeded in persuading the Court that it has subject matter jurisdiction, and that this matter is properly before this District Court, Defendants now are arguing to the contrary — trying to seize on Plaintiffs' argument that discovery into Belneftekhim's true principal place of business in the U.S. is proper and necessary. Defendants cannot have it both ways and are judicially estopped from arguing contrary to their prior position adopted by this Court. Permitting Defendants to do so after the Court denied the remand would result in grave prejudice to Plaintiffs.

Moreover, Defendants asserted federal question jurisdiction as a basis for removal. As Your Honor noted during the February 3, 2014 hearing, the Court had federal question jurisdiction over all claims based on defendant's affirmative defense of immunity under the FSIA (Tr. 02/03/14, at 2-3). A court with original federal jurisdiction over certain claims has supplemental jurisdiction over state law claims "that are so related ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). *See Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 213-14 (2d Cir. 2004) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966));

*Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 704 (2d Cir. 2000) (same). [1] The existence of supplemental jurisdiction is determined at the outset of the litigation. *See, e.g., Hatch v. Town of Middletown*, 311 F.3d 83, 85 n.2 (1st Cir. 2002); *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1219-20 (10th Cir. 2000) ("We recognize that a federal court must have constitutional power to exercise pendent jurisdiction. The scope of a federal court's jurisdictional power, however, does not fluctuate with the fate of a federal claim at trial or on appeal, but exists if the federal claim initially had substance sufficient to confer subject matter jurisdiction on the court.")

Lastly, Plaintiffs are not clear as to why Defendants are bringing up Vladlena Funk's Florida residency. To the extent that Defendants are implying any inconsistency - none exists. Ms. Funk is indeed a resident of the State of Florida as of 2012, has Florida drivers license and pays Florida taxes. Insofar, as the SAC alleges that Ms. Funk is a "resident of New York and New Jersey", this assertion is prefaced by "at all relevant times" — referring to the period of 2007-2009 (SAC, ¶30).[2]

For all the foregoing reasons, Plaintiffs respectfully submit that Defendants' counsel letter is yet another improper attempt to divert the Court's attention from the real issue of Defendants' willful noncompliance with the Court's Orders and should be rejected in all respects.

Respectfully submitted,

*Emanuel Zeltser*

cc: Kenneth Caruso, Esq. [via ECF]

---

[1] Four factors are assessed to determine whether the exercise of supplemental jurisdiction is prudent. *Jones,* 358 F.3d at 214. A court may, in its discretion, decline to exercise jurisdiction over a state law claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *see Valencia v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003). When any one of these factors is present, the court should exercise supplemental jurisdiction only if doing so would promote "economy, convenience, fairness, and comity." *Jones,* 358 F.3d at 214; *Itar-Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442, 446-47 (2d Cir. 1998). Here the Court already concluded that maintaining jurisdiction promotes economy, convenience, fairness and comity when it denied Plaintiffs' motion to remand.

[2] Similarly, Plaintiffs may hardly be criticized for not emphasizing that 366 days of that time, Ms. Funk "resided" in KGB torture chambers in Belarus — thanks to Defendants' good offices.