UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                                :

VLADLENA FUNK and EMANUEL ZELTSER,        :  **MEMORANDUM DECISION AND ORDER**

               Plaintiffs,    :

                                 :  14-cv-376 (BMC)

           - against -              :

BELNEFTEKHIM and BELNEFTEKHIM USA, INC.,                   :

             Defendants.    :
----------------------------------------------------------- X

**COGAN**, District Judge.

Like many other trial-ready cases, this one has faced substantial delays during the COVID-19 pandemic. But while other litigants wait, the defendants in this case have passed the time with serial filings. Before me is their latest addition to the docket. It seeks dismissal due to lack of personal jurisdiction. The motion is denied.

The problems begin almost immediately. Defendants fail to answer perhaps the most fundamental question of all: what kind of motion they have filed. They label it as a "motion for summary judgment." Further inspection calls that label into question. Their Local Rule 56.1 statement does not cite any record evidence; instead, it draws exclusively from the Second Amended Complaint.[1] Defendants deem the facts in the complaint to be "undisputed," but only "for purposes of summary judgment." In short, they say, the Court should treat the allegations in the operative complaint as true for purposes of this motion. That is a motion to dismiss, not a

---

[1] It also cites the Second Amended Joint Pretrial Order, but that document merely summarized the allegations in the Second Amended Complaint.

motion for summary judgment. See DiPilato v. Vill. of Holley, No. 04-cv-121E, 2004 WL 2646552, at *1 (W.D.N.Y. Nov. 18, 2004) (treating a motion as a motion to dismiss where a Local Rule 56.1 statement "merely reiterated allegations contained in the Complaint and failed to cite any evidence in support of defendants' asserted facts").

As it happens, this is not defendants' first motion to dismiss. Nearly four years ago, defendants moved to dismiss the Second Amended Complaint on various grounds, including personal jurisdiction. That motion was denied. See Funk v. Belneftekhim, No. 14-cv-0376, 2017 WL 5592676, at *8 (E.D.N.Y. Nov. 20, 2017), aff'd in part, appeal dismissed in part, 739 F. App'x 674 (2d Cir. 2018). The present motion is substantively identical. I therefore deem it to be an untimely motion for reconsideration of the order denying the motion to dismiss. See Fed. R. Civ. P. 60(c)(1) (motions for relief from an order must be filed "within a reasonable time" or "no more than a year after the entry of the . . . order"); Loc. Civ. R. 6.3 (motions for reconsideration or reargument of a court order must be filed within 14 days of the entry of the order).

What's more, defendants offer no compelling reason to reconsider these issues. Nothing has changed about the allegations in the Second Amended Complaint. Nor can defendants cite an intervening change of law in their favor. Instead, they merely repeat old arguments and advance new ones that they could have, but did not, make. These circumstances almost never warrant a successive motion. Indeed, successive motions deserve special skepticism, as parties often "present their strongest case . . . when the matter is first raised." Dobrosmylov v. DeSales Media Grp., Inc., No. 19-cv-5122, 2021 WL 2779303, at *5 (E.D.N.Y. July 2, 2021) (quoting another source) (denying a successive motion for summary judgment); see also Fed. R. Civ. P. 12(g)(2), (h)(1) (limiting further motions under Rule 12). Plus, allowing parties to "examin[e] a

2

decision and then plug[] the gaps of a lost motion with additional matters" would waste judicial resources, undermine the finality of decisions, and spawn "duplicative rulings on previously considered issues." S.E.C. v. Collector's Coffee Inc., 464 F. Supp. 3d 665, 668 (S.D.N.Y. 2020) (quoting another source) (addressing a motion for reconsideration), objections overruled, No. 19-cv-4355, 2020 WL 4496764 (S.D.N.Y. Aug. 4, 2020).[2]

Even on the merits, defendants' arguments are unavailing. As I noted when denying the original motion to dismiss, New York's long-arm statute allows for personal jurisdiction in this case under § 302(a)(1), which reaches a non-domiciliary "who in person or through an agent . . . transacts any business within the state." Funk, 2017 WL 5592676, at *9 (quoting N.Y. C.P.L.R. § 302(a)(1)). This section requires an "articulable nexus" or "substantial relationship" between the business transaction and the plaintiff's claim. Al Rushaid v. Pictet & Cie, 28 N.Y.3d 316, 329, 45 N.Y.S.3d 276, 286 (2016) (quoting Licci v. Lebanese Can. Bank, SAL, 20 N.Y.3d 327, 339, 960 N.Y.S.2d 695, 702 (2012)). "[T]he inquiry . . . is relatively permissive," as a plaintiff need only allege "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former." Licci, 20 N.Y.3d at 339, 960 N.Y.S.2d at 702. Here, defendants went to New York to settle a financial dispute with plaintiffs. According to plaintiffs, however, defendants used the New York negotiations to lure plaintiffs to Europe, where defendants could more easily abduct them, spirit them away to Belarus, and torture them. Because defendants reached into New York for the purpose of committing torts elsewhere, plaintiffs have adequately pleaded the nexus that § 302(a)(1) requires.

---

[2] Defendants also argue that the dismissal of certain claims at summary judgment was a "major legal development" that justifies this motion. Because personal jurisdiction in this case is claim-specific, this argument is without merit.

Personal jurisdiction also comports with the Due Process Clause. Defendants' main argument is that their actions in New York did not cause plaintiffs' injuries. But soon after defendants filed the present motion, the Supreme Court expressly rejected this idea, holding that specific jurisdiction does not "always requir[e] proof of causation – *i.e.*, proof that the plaintiff's claim came about because of the defendant's in-state conduct." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1026 (2021). Rather, the claim must "arise out of or relate to" the defendant's contacts with the forum. Id. at 1025 (quoting another source). This case satisfies this standard for the reasons I explained when denying defendants' original motion. See Funk, 2017 WL 5592676, at *10-11.

Defendants' motion [363] is denied.[3]

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 25, 2021

---

[3] Despite defendants' numerous filings, there is not actually a motion for me to deny. Defendants first mentioned these personal jurisdiction arguments in a letter motion. I granted that letter motion in part and denied it in part, stating that defendants could file the present motion. But defendants did not actually file a motion; instead, they filed a Local Rule 56.1 statement, a motion for leave to file a document *ex parte*, and two separate memoranda. I will therefore deem defendants' original letter motion [363] to be the present motion.